Filed 11/2/22  P. v. Gustafson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078896 |
| v. | (Super.Ct.No. FVI702850) |
| ROY RANDALL GUSTAFSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

Roy Randall Gustafson, in pro. per., and Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Roy Randall Gustafson, filed a petition for resentencing under various statutes, Senate Bills, and Assembly Bills.  The court denied the petition.  After defendant filed a notice of appeal, this court appointed counsel to represent him.

1

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and two potentially arguable issues:  (1) whether defendant was entitled to the appointment of counsel and a hearing upon the filing of his petition; and (2) whether the court had the discretion to resentence defendant on its own motion rather than only upon the recommendation of an executive branch officer.

We offered defendant an opportunity to file a personal supplemental brief, which he has done.  Defendant contends that he was entitled to the appointment of counsel and/or to personally address the court prior to issuance of any ruling on his petition.  We affirm.

## I.  PROCEDURAL BACKGROUND[1]

 On May 7, 2010, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), with a true finding that he personally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)); three counts of possession of a firearm by a felon (§ 12021, subd. (a)(1)); one count of possession of ammunition by a felon (§ 12316, subd. (b)(1)); one count of assault with a firearm (§ 245, subd. (a)(2)); and one count of false imprisonment (§ 236).  The jury also found true the allegation that defendant personally used a firearm in the commission of the assault with a firearm and false imprisonment.  (12022.5, subd. (a).)  (*Gustafson, supra*, E051748.)

---

[1] On the court's own motion, we take judicial notice of our prior nonpublished opinions in defendant's appeals from the original judgment. (*People v. Gustafson* (Apr. 23, 2012, E051748) [nonpub. opn.] (*Gustafson*).)  (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)

2

In a bifurcated proceeding, the court found true allegations that defendant had suffered two prior strike convictions.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  The court sentenced defendant to state prison for a total of 150 years to life.  (*Gustafson, supra*, E051748.)  Defendant appealed.  This court affirmed the judgment.  (*Ibid*.)

On April 1, 2022, defendant filed a petition for resentencing pursuant to "Assembly Bill Nos. 1540 & 124, and Senate Bill No. 567 . . . ."  Defendant also mentioned "Senate Bills 775 and 483," and sections 1170, subdivision (d), and 1170.18.  The court denied the petition without appointing counsel or holding a hearing.  The court indicated that petitions for resentencing pursuant to former section 1170.03[2] must be brought by an executive officer; the court declined defendant's invitation to resentence him.

## II.  DISCUSSION

Defendant contends that he was entitled to the appointment of counsel and/or to personally address the court prior to its issuance of any ruling on his petition.  We disagree.

In his petition, defendant never specified what factual bases entitled him to resentencing below.  None of defendant's citations to various Penal Codes sections,

---

[2]  Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.03 as section 1172.1.  (Stats. 2022, ch. 58, § 9.)

Assembly Bills, and Senate Bills avail him.[3]  For instance, some apply only apply to nonfinal judgments.  (See *People v. Dunn* (2022) 81 Cal.App.5th 394, 403 ["Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date."]; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095 ["Assembly Bill 124 applies retroactively to nonfinal cases on direct appeal."].)  Defendant's case has been final since 2012.  (See *Gustafson, supra*, E051748; Cal. Rules of Court, rule 8.366(b)(1).)

Assembly Bill No. 1540 (2021-2022 Reg. Sess.) made changes to former section 1170.03 (Stats. 2021, ch. 719, § 3.1), now section 1172.1, wherein "the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison [or] the district attorney of the county in which the defendant was sentenced . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."  (§ 1172.1, subd. (a)(1).)  Defendant filed his petition well after 120 days after the date of his commitment, June 14, 2010.  Moreover, as the court below noted, neither the Board of Parole Hearings nor the district attorney recommended defendant be resentenced.  Thus, defendant was not entitled to relief pursuant to Assembly Bill No. 1540.

---

[3] In his supplemental brief, defendant alleges additional Senate Bills entitling him to relief; however, his failure to raise them in his petition forfeits any issues with respect to them on appeal.  (*People v. Covarrubias* (2016) 1 Cal.5th 838, 919.)

Defendant fails to identify any felony offenses for which he was convicted, which would now be misdemeanors entitling him to relief pursuant to section 1170.18. (§ 1170.18, subd. (a) ["A person who . . . was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . may petition for a recall of sentence . . . .].) Thus, defendant is not entitled to relief pursuant to section 1170.18.

Senate Bill No. 775 (2021-2022 Reg. Sess.) amended former section 1170.95[4] (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1004); however, defendant failed to file a declaration that he was eligible for relief under its auspices. (§ 1172.6, subd. (b)(1)(A).) Thus, defendant's petition was facially insufficient. (*People v. Lewis* (2021) 11 Cal.5th 952, 967 (*Lewis*) ["noncomplying petitions may be quickly screened out"].)

Senate Bill No. 483 (2021-2022 Reg. Sess.) retroactively provides relief for persons whose sentences were enhanced for having suffered prior prison terms pursuant to section 667.5. However, the People did not allege, and the jury did not find true, any prior prison term enhancements in this case. Thus, defendant was not entitled to any relief under its auspices.

Finally, under section 1170, section (d)(1)(A), defendants who were "under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole [(LWOP)] has been

---

[4] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

5

incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." First, defendant committed the offenses for which he was convicted in this case in 2007 (*Gustafson I, supra*, E051748) when he was 42 years old. Second, the court did not sentence defendant to LWOP. Third, defendant has not served 15 years of imprisonment. Thus, defendant was ineligible for relief under section 1170, subdivision (d). Therefore, defendant was not entitled to counsel or a hearing on his petition because he failed to allege a facially sufficient basis for relief. (See *Lewis*, *supra*, 11 Cal.5th at p. 973 [petitioner only entitled to counsel once he files a facially sufficient petition].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### III.  DISPOSITION

The order denying defendant's petition is affirmed.


McKINSTER_____
                                                        Acting P. J.

We concur:


CODRINGTON_____
                       J.


FIELDS_____
                       J.


6